Rita **JENSEN**

v.

**TIMES–MIRROR, et al.**

**Civ. No. B–82–368 (PCD).**

United States District Court,
D. Connecticut.

Nov. 20, 1986.

Daniel E. Livingston, Kestell, Pogue & Gould, Hartford, Conn., for plaintiff.

Hugh F. Keefe, Lynch, Traub, Keefe & Snow, New Haven, Conn., and Floyd Abrams, Cahill, Gordon & Reindel, New York City, for defendants.

## RULING ON MOTION FOR RECONSIDERATION

DORSEY, District Judge.

Defendants' motion for summary judgment, with respect to the claims of libel and privacy-false light, was denied on the basis that a question of fact was presented. *Jensen v. Times-Mirror,* 634 F.Supp. 304 (D.Conn.1986). The question found was whether defendants' publication could be found to have resulted from " 'actual malice,'—that is with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 1725–26, 11 L.Ed.2d 686 (1964). Actual malice must be proved with "convincing" clarity. *Id.* at 285–86, 84 S.Ct. at 728–29.

Defendants have moved for reconsideration in light of several cases decided recently, including after the filing of briefs and, in the instance of *Anderson v. Liberty Lobby Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), after the memorandum of decision. The prior ruling, in which plaintiff was held to be a limited purpose public figure, denied summary judgment by reason of the existence of a genuine issue of material fact based on evidence from which a jury could find actual malice with convincing clarity. *Jensen,* 634 F.Supp. at 314. The observation of Justice White, that the threshold for proof of malice by clear and convincing evidence is an "almost impossible level," *Dun & Bradstreet v. Greenmoss Builders,* 472 U.S. 749, 105 S.Ct. 2939, 2952, 86 L.Ed.2d 593 (1985) (White, J., concurring), was considered.

Dedication to principles of freedom of speech requires a balance of competing interests. On the one hand, false publications are and should be suspect. The concept of vigorous debate and freedom from any inhibition, even self-censorship, must be preserved, but certainly not at the price of unlimited destruction of individual reputations. It is certainly sound to require "close judicial scrutiny" of these cases which go to a jury, *Ollman v. Evans,* 750 F.2d 970, 997 (D.C.Cir.1984) (en banc) (Bork, J., concurring), *cert. denied,* 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985), and of demands for redress which risk the restriction of "the scope of the First Amendment guarantees of free speech and free press." *Herbert v. Lando,* 781 F.2d 298, 302 (2d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986). Yet, the first amendment is not only protective of but exercised by human beings who are subject to all the vagaries of human nature and their emotions, motivations, limitations, integrity, insight and intelligence. It serves a community ill if the power of the press is used with a resultant substantial negative imprint on an individual. On the other hand, of course, it is not enough that the publication be false, though a false publication about a person can be devastating. Malice in the

motivation for the publication or reckless disregard for the truth, the *Sullivan* tests, are subjective standards for the mental processes of the publisher. Only when such are shown will the publisher be stripped of this constitutional protection.

A higher stone in the protective wall of constitutional speech is the requirement that malice, or reckless disregard, be proved with convincing clarity. A jury question remains but the standard of proof is thus much higher. No court has yet removed the seventh amendment right to jury trial in deference to a holding of absolute protection under the first amendment. Absent clear and convincing proof of actual malice a judgment against a publisher cannot stand. *Bose Corp. v. Consumers Union*, 466 U.S. 485, 511, 104 S.Ct. 1949, 1965, 80 L.Ed.2d 502 (1984). The claim of a plaintiff which clearly is implausible, to use the text of *Matsushita Electric Indust. Co. v. Zenith Radio Corp.*, — U.S. —, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), would not be sufficiently supported to present a genuine issue of material fact. Yet, what is implausible to one may be very plausible to another or others. It is not surprising that the test for cases which present jury questions cannot be defined with microscopic precision. When any judge finds that a case presents, or fails to present, a jury question, the decision will always be subject to appellate review and, potentially, a contrary finding. In exercising that judgment, when faced with many factors favoring the protection of the first amendment, caution before stripping away the right to a jury trial is prudent.

None of the cases cited by defendants in seeking reconsideration, *Anderson*, 106 S.Ct. at 2505; *Matsushita*, 106 S.Ct. at 1348; nor *Herbert*, 781 F.2d at 298, articulate principles different from those applied in this court's original decision. Each does stress the exaltation of the first amendment protection and the definitive necessity of a substantial showing before a question of fact is found. If, of course, there is no evidence to support a contention, the claim does not go to the jury. Even "some" evidence or the "scintilla" of

evidence will no longer suffice. *Anderson*, 106 S.Ct. at 2511, quoting *Improvement Co. v. Munson*, 14 Wall 442, 448, 20 L.Ed. 867 (1872). The evidence to support plaintiff's claims must be such as would permit a jury finding or avoid a directed verdict. *See Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967 (1944); *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n. 11, 103 S.Ct. 2161, 2171, n. 11, 76 L.Ed.2d 277 (1983). Yet no matter how the test is articulated, it comes down to whether the evidence "is so one-sided that one party must prevail as a matter of law," or could "a fair minded jury … return a verdict for the plaintiff on the evidence presented." *Anderson*, 106 S.Ct. at 2512 (holding that question to be tested in a libel case by the clear and convincing standard). Liability may be assessed only "when the press so oversteps its editorial freedom that it contains falsity and does so with the requisite degree of fault. *Machleder v. Diaz*, 801 F.2d 46, 55 (2d Cir.1986).

As previously analyzed, plaintiff's case is hardly robust. If plaintiff is believed on her word alone, she told the defendants she knew Kathy Boudin as such prior to the Brink's robbery. From such a crediting of plaintiff, defendant's publications, i.e., those which remain in issue, could be found to be false. Further, they could be found to have been published when defendants knew they were false.

However, plaintiff's claims of reporting the truth are not clear statements of fact. They are oblique statements that, at best, arguably informed defendants, through defendant Brief, of her knowledge of the facts. That claim is to be contrasted to her conduct in clearing for publication the article of October 22, 1981, which could be seen as an outright contradiction. This state of the evidence is important because it is not now for the court to judge the truth or falsity of plaintiff's claim, but whether she can be said to have offered such clear and convincing evidence that defendants actually knew of the falsity or acted with reckless disregard for the truth

or entertained serious doubts as to the truth of what was published. The issue is not, as plaintiff argues, one of credibility in the sense of truthfulness, as opposed to falsity, of the parties, but rather it is a matter of "weighing of the evidence, and the drawing of legitimate inferences from the facts [which] are jury functions, not those of the judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 106 S.Ct. at 2513.

Plaintiff has offered no proof of actual malice, that is, a wrongful purpose on the part of defendants to cause her harm. Yet, she has offered evidence from which she claims that defendants knew of the falsity. Whether a publisher with such knowledge was careless or was reckless is not here the subject of direct evidence. Resolution of that question is a matter of inferences. All justifiable inferences are to be drawn in favor of the party against whom summary judgment is moved. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The human mind does not always manifest its functioning objectively, thus it is in the realm of inferences that we must, necessarily, delve to decide intent, motive or purpose. Such inferences as to a particular individual are best resolved by observation of the person whose mind's functioning is controlling. Seeing a witness, hearing the testimony, observing demeanor, have long been held to be legitimate means of deciding state of mind.[1] Witness credibility is not here resolvable by the court, which has seen neither defendants nor plaintiff. Yet if every benefit of the doubt is given plaintiff and all of defendants' evidence is rejected, there is nothing of substance, beyond plaintiff's own evidence, to sustain her burden. Rejection of testimony is not a basis to find the opposite of that testimony to be the fact, but a jury which observes a defendant or defense witness and rejects the proffered testimony can nonetheless

judge motivation in the circumstances in which publication was decided.

Given the foregoing analysis, all that plaintiff has going for her is her obtuse communication to Mr. Brief from which she claims, notwithstanding her conduct suggestive of the contrary, that he should have known her position to have been that she knew her roommate to be Kathy Boudin before the robbery. Though the dissent of Justice Brennan in *Anderson*, 106 S.Ct. at 2515, illustrates the problem of placing plaintiff's case as either mounting or failing to mount the threshold level of adequate proof of malice, it also gives no precise guidance in the particular case. Given the quantum of evidence required, only by saying that a reasonable jury could not find plaintiff's evidence of malice to be clear and convincing should defendants' motion be granted. The doubts of the court on the issue are not sufficient to take from the jury its proper role of weighing the evidence and determining what inferences should be drawn. Thus, the court will adhere to its original ruling.

As the claim of libel and invasion of privacy-false light are the essence of this case, the finding that plaintiff was a limited public figure and that a question of fact as to malice was presented constitute controlling questions. Their resolution by an immediate appeal will resolve, without a lengthy trial, the largest issues in the case and thus will materially advance the ultimate termination of the litigation. There is a real ground for difference of opinion as to whether the record includes enough evidence to create a genuine issue of material fact as to malice in defendants' publication concerning plaintiff. This is less a question as to plaintiff being a limited purpose public figure, but as one issue will be certified for immediate appeal pursuant to 28 U.S.C. § 1292(b), judicial efficiency suggests the second question be certified also.

It is certain that a major portion of a trial can thus be avoided, with an appeal of

---

1. Defendants emphasize plaintiff's failure to seek correction of what she knew was the publication of inaccurate information and of which she now complains. That failure does not bear on, nor more importantly, determine defendants' state of mind.

the issues a certainty in any event. Resolution now of an appeal of this court's decision on the questions of law can save considerable time and expense. Also this case presents a clean record for resolution of the questions. Thus, the time required of the court of appeals, which would be required no matter the resolution after a full trial, may save considerable judicial time as the resolution on appeal may well preclude a trial of the major issues in this case—the first amendment questions—and, if the decision here is sustained, may well result in settlement.

Accordingly, both the question of plaintiff's status as a limited public figure and the sufficiency of plaintiff's evidence of defendants' malice are certified for appeal. 28 U.S.C. § 1292(b).

SO ORDERED.